Dear Representative Butts:
This letter is in response to your questions asking:
 "(1) Do County Courts in a third class county have the authority to require purchase of all materials be done through the County Court.
 "(2) Do County Courts in a third class county have the authority to require purchase orders be obtained before purchases can be made."
In our Opinion No. 80-1971, we concluded that Section 50.660, RSMo, applies to third class counties. We have enclosed a copy of that opinion and inasmuch as Section 50.660 is quoted in full in that opinion we will not quote it in full here. However, the pertinent portion of Section 50.660 provides:
 "All contracts shall be executed in the name of the county by the head of the department or officer concerned, except contracts for the purchase of supplies, materials, equipment or services other than personal made by the officer in charge of purchasing in any county having the officer. . . ."
A third class county has no statutory authority to provide for a purchasing officer, therefore, in such counties only the first part of the provision quoted is applicable. Thus, it is our view that the authority to execute such contracts is vested in the head of the department or officer concerned, to wit, the separate statutory county officers, and that the county court has only the authority to execute and control, except through the budget, contracts for purchases in which the county court itself is concerned.
Accordingly, we conclude that such a county court does not have the authority to require that all purchase of materials be made through the county court or to require that purchase orders be obtained before purchases can be made.
We are also of the view that our Opinion No. 19, dated March 7, 1940, to Coyne, was incorrect in its interpretation of Section 50.660 in that such opinion concluded that the county court only must purchase supplies for county offices except that of the office of the sheriff. We believe that such a construction was clearly in error in light of the quoted provisions of 50.660. Therefore, we are withdrawing such opinion.
Additionally, Opinion No. 73, dated April 3, 1937, to Rathbun, and Opinion No. 96, dated September 2, 1953, to Wheeler, were issued prior to the amendments to Chapter 50 which made Section50.660 to applicable to such counties. Accordingly, such opinions are no longer appropriate and are withdrawn.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 80-1971